UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist ANTHONY R. ELLINGTON
 United States Army, Appellant

 ARMY 20100667

 Headquarters, Fort Stewart
 Tara Osborn and Tiernan P. Dolan, Military Judges
 Lieutenant Colonel Robert J. Gleason, Acting Staff Judge Advocate
 (pretrial)
 Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Major Laura R. Kesler, JA; Captain Richard M. Gallagher, JA
(on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams,
JA; Captain Kenneth W. Borgnino, JA; Captain Christopher L. Simons, JA (on
brief).

 30 June 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 On 14 August 2010, a military judge sitting as a general court-
martial convicted appellant, pursuant to his pleas, of assault and battery
(two specifications), aggravated assault, and child endangerment in
violation of Articles 128 and 134, Uniform Code of Military Justice, 10
U.S.C. §§ 928 and 934 [hereinafter UCMJ]. The convening authority approved
the adjudged sentence of reduction to the grade of E1, forfeiture of all
pay and allowances, confinement for thirty-two months and a bad-conduct
discharge.

 Twelve days after trial, trial defense counsel submitted a timely
request to the convening authority requesting a deferment of adjudged
forfeitures and deferment and waiver of automatic forfeitures. This
request was based, in part, on appellant’s assertion that he provided child
support, both voluntarily and in accordance with a court order, to his
dependant daughter from a prior marriage. The request, which asked for
expedited processing, was sent by e-mail to both the trial counsel and Fort
Stewart chief of justice. Government counsel concedes that the request was
never forwarded to the staff judge advocate (SJA) or convening authority.
Not surprisingly, the staff judge advocate recommendation (SJAR) fails to
mention appellant’s request.

 Failure of the SJA to convey appellant’s unambiguous request to defer
adjudged forfeitures and to defer and waive automatic forfeitures amounts
to plain error. Under the facts of this case, we find appellant has made a
“colorable showing of possible prejudice.” United States v. Wheelus, 49
M.J. 283, 289 (C.A.A.F. 1998). The matters outlined in appellant’s 2
August 2010 deferment/waiver request demonstrate a “reasonable probability”
of favorable action by the convening authority. See United States v.
Clemente, 51 M.J. 547, 552 (Army Ct. Crim. App. 1999).

 The action of the convening authority, dated 29 October 2010, is set
aside. The record of trial is returned to the Judge Advocate General for a
new staff judge advocate recommendation and new action by the same
convening authority in accordance with Article 60 (c)–(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court